UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Tamara R. Hatcher,
and other similarly situated individuals,

      Plaintiff (s),

v.

Sojourn Ventures LLC,
Leon Harbor LLC,
Sunken Treasures LLC,
and Mandy Thomas, individually

      Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

Comes now the Plaintiff Tamara R. Hatcher and other similarly situated individuals, by and through the undersigned counsel, and sues Defendants Sojourn Ventures LLC, Leon Harbor LLC, Sunken Treasures LLC, and Mandy Thomas, individually, and alleges, individually, and alleges:

## Jurisdiction Venues and Parties

1. This is an action to recover money for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair

Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Tamara R. Hatcher is a resident of Melbourne, Brevard County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendants Sojourn Ventures LLC, Leon Harbor LLC, and Sunken Treasures LLC are Florida Profit Corporations having a place of business in Cocoa Beach, Brevard County, Florida. Defendants are engaged in interstate commerce.

4. The individual Defendant, Mandy Thomas, was and is now the owner/partner and operator of Sojourn Ventures LLC, Leon Harbor LLC, and Sunken Treasures LLC. This individual defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Brevard County, Florida, within this Court's jurisdiction.

### Allegations Common to All Counts

6. This cause of action is brought by Plaintiff Tamara R. Hatcher as a collective action to recover from Defendants overtime compensation,

liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked more than forty (40) hours during one or more weeks on or after May 2022, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Corporate Defendants Sojourn Ventures LLC, Leon Harbor LLC, and Sunken Treasures LLC are companies dedicated to renting vacation homes and doing business in Cocoa Beach, Florida.

8. Pursuant to 29 U.S.C. § 203 (r) (1), Corporate Defendants Sojourn Ventures LLC, Leon Harbor LLC, and Sunken Treasures LLC are joint enterprises because Corporate Defendants are under common ownership. They performed related activities through a unified operation and for a common business purpose. Defendants act directly or indirectly in the interests of one another.

9. Corporate Defendants' business practices are not completely disassociated with respect to the employment of their employees. Defendants share control of their employees.

10. Pursuant to 29 C.F.R §791.2. Defendants Sojourn Ventures LLC, Leon Harbor LLC, and Sunken Treasures LLC were joint employers because Defendants, through their owner/manager, had equal and absolute control over the Plaintiff and other employees similarly situated, maintained records and controlled terms and condition of employment of Plaintiff and other similarly situated individuals.;

11. Therefore, because the work performed by Plaintiff and other similarly situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants Sojourn Ventures LLC, Leon Harbor LLC, and Sunken Treasures LLC are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

12. From now on, Corporate Defendants Sojourn Ventures LLC, Leon Harbor LLC, and Sunken Treasures LLC will be called collectively Sojourn Ventures or Defendants.

13. The Employer, Sojourn Ventures, was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides vacation homes for rent. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this

Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside of the State of Florida. Upon information and belief, the combined annual gross revenue of the Employer/Defendant (Sojourn Ventures LLC, Leon Harbor LLC, and Sunken Treasures LLC, collectively called Sojourn Ventures) was always more than $500,000 per annum. Therefore, there is enterprise coverage.

14. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce within the meaning of the FLSA. Therefore, there is individual coverage.

15. Defendants Sojourn Ventures and Mandy Thomas employed Plaintiff Tamara R. Hatcheras from approximately May 18, 2022, through October 01, 2022, or 19 weeks.

16. Plaintiff was a non-exempted, full-time housekeeper and maintenance employee. Plaintiff had duties cleaning and taking care of rental units.

17. Plaintiff was paid a piece rate for every unit she cleaned and was paid an average of $1,075.00 weekly.

18. During her employment with Defendants, Plaintiff worked seven days from Monday to Sunday, from 9:00 AM to 6:00 PM (9 hours daily), or 63 hours weekly. Plaintiff was unable to take bonafide lunchtime.

19. Plaintiff worked consistently and regularly more than 40 hours weekly, but she was not paid for overtime hours, as required by law.

20. Plaintiff did not clock in and out, but Defendants could keep track of Plaintiff's working hours. Defendants knew about the hours that Plaintiff and other similarly situated individuals were working.

21. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

22. Plaintiff was paid with checks without paystubs showing basic information about the actual number of days and hours worked by Plaintiff, wage rate paid, employee taxes withheld, etc.

23. On or about October 01, 2022, Plaintiff left her position to pursue better employment opportunities because she was not getting paid correctly and suffering discrimination. Plaintiff is in the process of filing her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC)

24. At the time of her resignation, Defendants refused to pay Plaintiff her last day of work, or approximately $153.57.

25. Plaintiff Tamara R. Hatcher seeks to recover accumulated unpaid overtime hours, liquidated damages, her last day of work, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

26. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

27. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated

individuals the proper compensation for overtime hours at the rate of time and one-half their regular rate.

28. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime hours at the rate of time and one-half their regular rate of pay for every hour worked over forty.

<u>COUNT I:</u>
<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1); FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>

29. Plaintiff Tamara R. Hatcher re-adopts every factual allegation stated in paragraphs 1-28 above as if set out in full herein.

30. Plaintiff Tamara R. Hatcher, and those similarly situated, bring this action to recover from the employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the

hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

31. Defendants Sojourn Ventures and Mandy Thomas employed Plaintiff Tamara R. Hatcheras from approximately May 18, 2022, through October 01, 2022, or 19 weeks.

32. Plaintiff was a non-exempted, full-time housekeeper and maintenance employee.

33. Plaintiff was paid a piece rate for every unit she cleaned, and she was paid an average of $1,075.00 weekly.

34. During her employment with Defendants, Plaintiff worked seven days from Monday to Sunday, 9 hours daily, or 63 hours weekly. Plaintiff was unable to take bonafide lunchtime.

35. Plaintiff worked consistently and regularly more than 40 hours weekly, but she was not paid for overtime hours, as required by law.

36. Plaintiff did not clock in and out, but Defendants could keep track of Plaintiff's working hours. Defendants knew about the number of hours that Plaintiff and other similarly situated individuals were working.

37. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that

she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

38. Plaintiff was paid with checks without paystubs showing basic information about the actual number of days and hours worked by Plaintiff, wage rate paid, employee taxes withheld, etc.

39. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in Defendants' possession and custody. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

40. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

42. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

*Plaintiff is not in possession of time and payment records, and she is providing this preliminary good-faith estimate of the unpaid overtime based on her best recollections. Plaintiff will amend her calculations after proper discovery.

   a.  <u>Total amount of alleged unpaid O/T wages</u>:

      Three Thousand Seven Hundred Twenty-Seven Dollars and 61/100 ($3,727.61)

   b.  <u>Calculation of such wages</u>:

      Total weeks of employment: 19 weeks
      Relevant number of weeks: 19 weeks
      Paid weekly: $1,075.00 : 63 hours worked= $17.06
      Reg.rate: $17.06 x 1.5= $25.59 O/T rate-$17.06 rate paid=$8.53
      Half-time rate: $8.53 an hour

      $8.53 x 23 O/T hours=$3,727.61

   c.  <u>Nature of wages (e.g., overtime or straight time)</u>:

      This amount represents unpaid overtime wages.[1]

43. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay her as provided in said Act.

---

[1] At this time, Plaintiff have limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

44. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

45. At times mentioned, individual Defendant Mandy Thomas was and is now the owner/director and manager of Defendant Corporation Sojourn Ventures. Individual Defendant Mandy Thomas had absolute financial and operational control of Sojourn Ventures. Individual Defendant Mandy Thomas was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of Sojourn Ventures concerning its employees, including Plaintiff and others similarly situated, and they are jointly and severally liable for Plaintiff's damages.

46. Defendants Sojourn Ventures and Mandy Thomas willfully and intentionally refused to pay Plaintiff Tamara R. Hatcher overtime

wages as required by United States law and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

47. Plaintiff seeks to recover unpaid overtime wages accumulated from hiring to her last day of employment.

48. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Tamara R. Hatcherand those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Tamara R. Hatcher and other similarly situated and against the Defendants Sojourn Ventures and Mandy Thomas, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff Tamara R. Hatcher an equal amount in double

damages/liquidated damages; and

D. Award Plaintiff Tamara R. Hatcher reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Tamara R. Hatcher and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

DATED:  November 28, 2022

Respectfully Submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:        (305) 446-1500
Facsimile:        (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*